## JOHN M. ROBINSON, ET AL., *v.* THOMAS WINN.

**Husband and Wife—Creditors of Husband—Creation of Separate Estate.**
   The wife's property, being the proceeds of her labor or the result
   of her business transactions, is liable for the husband's debts. The
   only way a separate estate may be created in the wife so as to permit
   her to carry on a trade or use profits in her own right is to follow
   the steps provided by the act of 1866.

### APPEAL FROM HICKMAN CIRCUIT COURT.

September 14, 1877.

OPINION BY JUDGE PRYOR:

It was expressly decided by this court in the case of *Uhrig v.
Horstman & Sons,* 8 Bush 172, that the mere assent of the husband,
or even his express agreement to the effect that the wife might con-
vert her own earnings or the profits of any business in which she
might be engaged to her own use to the exclusion of the husband,
did not place such earnings or profits beyond the reach of creditors
of the husband. The statute of 1866 provides the manner in which
a separate estate may be created in the wife so as to permit her to
carry on a trade or use such profits in her own right, and this statute

must be followed in order to protect her as against the husband's creditors.

In this case, conceding that the credit given the wife by the merchants, of whom she bought, enabled her to accumulate all the property now claimed by her, yet it would be liable for the husband's debts, being the proceeds of the wife's labor or the result of her business transactions.

In examining the testimony of the appellants alone it appears that after the close of the war they had but little, if any, property. The brothers of Mrs. Robinson advanced her at one time $100 and at another time $200. These sums constituted all the money she furnished in the business, and the profits realized were upon the sale and purchase of goods and merchandise, and the running of a hotel, all upon the wife's credit. The husband seems to have had about $190, the proceeds of a sale of a mule, and $200, the proceeds of the sale of game chickens, all of which he says he appropriated to the use of the family. The hotel, with a barroom attached, furnished a handsome income. The family grocery was also profitable, as well as the proceeds of the hire of horses, buggies and wagons claimed to belong to the wife. The proof shows that both the husband and wife are energetic, industrious and more than ordinarily attentive to business. The husband seems to have aided in the management of the hotel and barroom, sold groceries from the grocery store, hired horses, buggies, etc., belonging to the livery stable, collected the money, and had, as well as the wife, a general supervision over all their business. Many of the purchases, in fact, nearly all, were made by him, although they may have been made in the wife's name; and having commenced business in 1866 on a small capital, in the year 1873 they have an estate valued at seven or eight thousand dollars. The wife availed herself of the act of 1866 by filing her petition in the year 1870, and it is insisted that these accumulations have accrued since that time. There is ample proof showing that much of the property sought to be subjected was purchased and paid for prior to that time, certainly greatly more than enough to pay the debt of Woolridge. The property subjected to the payment of Winn's debt was certainly liable; nor are the appellants, as we understand, asserting any claim to it. The commonwealth of Kentucky is not appealing in the case, and it is admitted by the ap-

pellants that the land belonged to Robinson when Winn's attachment was levied.

Judgment *affirmed.*

Chief Justice Lindsay not sitting.

*Ed Crossland, Theo. E. Moss, for appellants.*

*Rodman, W. R. Bradley, for appellee.*